UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FONDIA MOORE, | |
| Plaintiff, | Case No.  C06-5209FDB |
| v. | REPORT AND RECOMMENDATION |
| DOUG WADDINGTON *et al*., | |
| Defendants. | **NOTED FOR:** <br> **June 9th 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  After reviewing the complaint in this action the undersigned recommends that the action be **DISMISSED WITH PREJUDICE** prior to service with dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

FACTUAL BACKGROUND

Plaintiff names the Superintendent of the prison where he is housed, a Sergeant Anderson, and two Correctional Officers Holms and Nelson.  Plaintiff alleges he fell on two different occasions and that the Officers and Sergeant should have written accident reports.

Plaintiff alleges he is now pursuing a tort claim and needs the accident reports.  Plaintiff requests all his

REPORT AND RECOMMENDATION
Page - 1

medical bills for the rest of his life be paid by the defendants and he asks for One Hundred Thousand Dollars in punitive damages. (Dkt. # 1, proposed complaint).

### DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

The complaint fails to state a cause of action under 42 U.S.C. § 1983. An inmate possesses no constitutional right to have his alleged accident documented by the officers.

### CONCLUSION

Plaintiff cannot bring a 42 U.S.C. § 1983 action for failure to file or write an accident report. His allegations simply fail to state a claim as a matter of law. The action should be **DISMISSED WITH PREJUDICE.** Dismissal for failure state a claim counts as a strike pursuant to 28 U.S.C. 1915 (g). A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 9th, 2006**, as noted in the caption.

DATED this 16th day of May, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge